IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VINCENT DIXON,<br>Reg. No. 65635-019,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN WALTER WOODS, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:18-CV-241-ECM-JTA<br>)  [WO]<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se Bivens* action on March 19, 2018.[1] On May 10, 2018, the court entered an order of procedure. Doc. 10. The order directed Defendants to file an answer and special report to the amended complaint and also directed Plaintiff to "immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." Doc. 17 at 4, ¶7. The order also advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id.*

The court recently ascertained that Plaintiff is no longer at the last address for service he provided.[2] Accordingly, the court entered an order on December 17, 2020, requiring that by December 28, 2020, Plaintiff file with the court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 36. This order specifically advised Plaintiff that this case could not proceed if his whereabouts remained unknown

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[2] The last service address provided by Plaintiff is the Edgefield Correctional Institution in Edgefield, South Carolina. Doc. 32.

and cautioned him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the December 17, 2020, order was returned to the court January 7, 2021, marked as undeliverable. The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds dismissal of this case is the proper course of action. First, the administration of this case cannot properly proceed in Plaintiff's absence. Next, it appears Plaintiff is no longer interested in the prosecution of this case as he has failed to comply with the order of the court. Finally, under the circumstances of this case, the court finds that any additional effort by this court to secure Plaintiff's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the undersigned concludes this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and prosecute this action.

**On or before January 25, 2021**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of January, 2021.

    /s/ Jerusha T. Adams
    JERUSHA T. ADAMS
    UNITED STATES MAGISTRATE JUDGE